UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| US BANK, NA, | Case No. 2:13-cv-01254-APG-GWF |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION TO DISMISS AND GRANTING LEAVE TO FILE A SURREPLY |
| RECOVERY SERVICES NORTHWEST, INC., d/b/a CUSTOM RECOVERY; DOE Defendants I through XX, inclusive, | (Dkt. Nos. 7, 11) |
| Defendants. | |

## I.  BACKGROUND

The parties are aware of the factual and procedural background of this case. In short, plaintiff US Bank, NA ("US Bank") contracted with Custom Recovery ("Custom") to provide services related to vehicle repossessions. The contracts contained various defense and indemnification provisions to protect US Bank in the event a lawsuit arose in conjunction with Custom's services performed on US Bank's behalf.

On June 27, 2011, a lawsuit was filed in this court against US Bank, Speedy Recovery, Inc. (Custom's repossession subcontractor), and Dennis McGee (a Speedy employee), alleging violations of the Fair Debt Collection Practices Act, negligence, and assault in relation to an auto repossession.[1] US Bank initially represented itself and then utilized counsel engaged by Speedy's insurer. After counsel allegedly failed to properly represent US Bank's interest, US Bank substituted in counsel of its choosing.

In this case, US Bank seeks recovery of its attorney's fees in the other case and a declaration that Custom must indemnify US Bank for any losses US Bank suffers in the other case. US Bank pleads claims for (1) breach of contract; (2) contractual indemnity; (3) breach of

---

[1] Case No. 2:11-cv-01055-JCM-CWH.

the covenant of good faith and fair dealing; (4) fraud by intentional misrepresentation; and (5) declaratory relief.[2] This Order resolves Custom's motion dismiss[3] and US Bank's motion for leave to file a surreply.[4]

## II. ANALYSIS

### A. Legal Standard — Motion to Dismiss

A properly pleaded complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief."[5] While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[6] "Factual allegations must be enough to rise above the speculative level."[7] To survive a motion to dismiss, a complaint must "contain[] enough facts to state a claim to relief that is plausible on its face."[8]

District courts must apply a two-step approach when considering motions to dismiss.[9] First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiff's favor.[10] Legal conclusions, however, are not entitled to the same assumption of truth even if cast in the form of factual allegations.[11] Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.[12]

---

[2] (Compl., Dkt. No. 1.)
[3] (Dkt. No. 7.)
[4] (Dkt. No. 11.)
[5] FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[7] *Twombly*, 550 U.S. at 555.
[8] *Iqbal*, 556 U.S. at 696 (internal quotation marks and citation omitted).
[9] *Id.* at 679.
[10] *Id.*; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247–48 (9th Cir. 2013).
[11] *Iqbal*, 556 U.S. at 679; *Brown*, 724 F.3d at 1248.
[12] *Iqbal*, 556 U.S. at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief.[13] A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[14] Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief."[15] When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed.[16] "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the [district] court to draw on its judicial experience and common sense."[17]

## B. Breach of Contract

Under Nevada law, breach of contract has three elements: (1) the existence of a valid contract; (2) a breach by the defendant; and (3) damage as a result of the breach.[18] To properly plead a breach of contract claim, a plaintiff must plead "the particular provision of the contract allegedly violated by [the defendant] . . . and . . . when and how [the defendant] allegedly breached the contract."[19] Here, US Bank has failed to do so.

US Bank alleges generally that "US Bank and Custom entered agreements wherein US Bank retained Custom's services as an independent contractor. . . ."[20] The Complaint articulates the duties owed under the most recent contract, which was executed on June 22, 2012. That contract was formed approximately one year after the underlying lawsuit was filed. Therefore, it can have no bearing on Custom's duties as of June 2011. US Bank failed to plead the contents of

---

[13] *Id.* at 679.

[14] *Id.* at 663.

[15] *Id.* at 679 (internal quotation marks and citation omitted).

[16] *Twombly*, 550 U.S. at 570.

[17] *Iqbal*, 556 U.S. at 679.

[18] *Saini v. Int'l Game Tech.*, 434 F.Supp.2d 913, 919–20 (D.Nev.2006) (citing *Richardson v. Jones*, 1 Nev. 405, 405 (Nev.1865)).

[19] *Illinois Nat'l Ins. Co. v. Nordic PCL Const. Co., Inc.*, 870 F. Supp. 2d 1015 (D. Haw. 2012).

[20] (Compl. ¶ 6.)

the contract that was in force in June 2011. US Bank's reply to Custom's motion for leave to file a surreply included a copy of the contract[21] that was executed on July 1, 2008, and which presumably governed the parties as of June 2011.[22] Because the defense and indemnification terms in the July 2008 contract appear different from the terms in the June 2012 contract, the Court cannot reasonably infer that the allegations in the Complaint apply to the July 2008 contract.[23] Essentially, US Bank pleaded the wrong contract. As all of US Bank's claims depend on the contract, the Court must dismiss all of them. However, US Bank will be given 30 days to amend its Complaint if it can allege proper claims based on the appropriate contract.

### C. Motion for Leave to File a Surreply

The Court grants US Bank's motion for leave to file a surreply because Custom's reply to the motion to dismiss included a new argument: that the June 2012 contract postdated the filing of the underlying lawsuit.

### III. CONCLUSION

In accord with the above, the Court hereby ORDERS:

1. The motion to dismiss (Dkt. No. 7) is GRANTED.

2. The motion for leave to file a surreply (Dkt. No. 11) is GRANTED.

3. US Bank has 30 days from the entry of this order to file an amended complaint. If US Bank fails to meet this deadline, the Court will dismiss this case.

DATED this 4th day of April, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[21] The July 2008 contract is part of the pleadings because the Complaint references it.
[22] (Dkt. No. 16-1 at 2–16.)
[23] See Iqbal, 556 U.S. at 663.