**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| U.S. BANK, NA, | Case No. 2:13-cv-01254-APG-GWF |
| Plaintiff, | |
| v. | **ORDER ON MOTION TO DISMISS** |
| RECOVERY SERVICES NORTHWEST, INC., d/b/a CUSTOM RECOVERY, et al., | (Dkt. # 24) |
| Defendants. | |

Defendant Recovery Services Northwest, Inc. ("Custom") repossesses property for plaintiff U.S. Bank pursuant to contracts between the two entities. One of the provisions in these contracts required Custom to indemnify U.S. Bank for any attorneys' fees or losses arising from Custom's (and its subcontractors') repossession efforts.

U.S. Bank was sued after one of Custom's subcontractors allegedly injured someone during a repossession. U.S. Bank notified Custom of the lawsuit. U.S. Bank alleges that Custom failed to fully indemnify U.S. Bank during the ensuing litigation. U.S. Bank alleges it had to hire its own counsel for a period of time before Custom took over the defense; later in the litigation U.S. Bank paid for its own counsel because Custom's defense was inadequate. U.S. Bank brought this lawsuit against Custom asserting claims of breach of contract and fraud.

Custom moves to dismiss U.S. Bank's complaint, arguing that U.S. Bank has failed to state a claim for breach of contract because Custom provided for U.S. Bank's defense. Custom also argues U.S. Bank has not pleaded sufficient supporting facts for its fraud claim.

U.S. Bank has alleged that Custom breached the parties' contracts by failing to pay for all of U.S. Bank's legal fees in the underlying litigation. Based on these allegations, U.S. Bank has stated a claim for its contractual causes of action. However, U.S. Bank has failed to allege sufficient facts in support of its fraud claim. I therefore dismiss U.S. Bank's fraud claim without prejudice.

## I.   BACKGROUND[1]

Custom and U.S. Bank entered into three contracts: one in July, 2008; one in December, 2011; and one in June, 2012.[2] In all three contracts Custom agreed to indemnify U.S. Bank for losses arising out of Custom's repossession services.[3]

The December, 2011 and June, 2012 contracts expressly state that U.S. Bank may require Custom to provide counsel "satisfactory" to U.S. Bank. These two contracts also allow U.S. Bank to hire its own counsel and defend itself at Custom's expense.[4] The December, 2011 and June, 2012 contracts state that they supersede and replace the July, 2008 contract.[5]

U.S. Bank was sued in June of 2011 for claims arising from Custom's repossession services. U.S. Bank notified Custom of the lawsuit, but Custom did not immediately take up U.S. Bank's defense. Instead, U.S. Bank hired its own counsel while waiting for Custom to decide whether it would provide a defense. U.S. Bank's counsel successfully litigated a portion of the lawsuit.[6] Custom subsequently decided it would defend U.S. Bank, and it took over the defense. Custom—through a subcontractor's insurer—hired Eugene Wait as U.S. Bank's counsel.[7]

Over the following ten months, U.S. Bank became increasingly dissatisfied with Wait's representation. U.S. Bank alleges a number of deficiencies in Wait's work, including his failure to timely respond, his lack of communication, and his use of improper discovery techniques.[8] U.S. Bank complained to Custom, but Custom failed to remedy the alleged problems.[9]

---

[1] This section summarizes the facts alleged in U.S. Bank's operative complaint. I assume these allegations are true only for purposes of addressing Custom's motion to dismiss.

[2] (Dkt. #21.)

[3] (*Id.*)

[4] (*Id.*)

[5] The June, 2008 contract does not appear to give U.S. Bank the same unilateral ability to hire its own counsel at Custom's expense.

[6] (*Id.* at 6-7.)

[7] Wait is counsel of record for Custom in this litigation.

[8] (*Id.* at 7-8.)

[9] (*Id.* at 8.)

U.S. Bank ultimately took back control of its defense and hired new counsel.[10]  Shortly after, its new counsel successfully resolved the litigation in U.S. Bank's favor.[11]  Wait continued to represent U.S. Bank's other co-defendants.  The court sanctioned the other defendants and imposed liability because of Wait's discovery violations.[12]

## II. DISCUSSION

### A. Legal Standard—Motion to Dismiss

A complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[13]  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[14]  "Factual allegations must be enough to rise above the speculative level."[15]  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."[16]

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss.  First, the court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.[17]  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.[18]  Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief.[19]  A claim is facially plausible when the

---

[10] (*Id.* at 8-9.)

[11] (*Id.*)

[12] (*Id.*)

[13] Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007).

[14] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[15] *Twombly*, 550 U.S. at 555.

[16] *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

[17] *Id*. at 1950.

[18] *Id*. at 1949.

[19] *Id*. at 1950.

complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[20]  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged–but not shown–that the pleader is entitled to relief."[21]  When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed.[22]

**B. Analysis**

**i.    U.S. Bank's contractual claims**

Custom argues U.S. Bank's contract-related claims should be dismissed but provides little relevant authority or analysis in support of its argument.[23]  Custom appears to raise two issues: (1) U.S. Bank's complaint is "intentionally vague, ambiguous, and uncertain" because it alleges breaches of "multiple contracts without a statement of a specific term of a specific contract"; and (2) U.S. Bank has failed to allege facts making its contract claims plausible.

**1.    Whether the complaint is unduly vague or ambiguous**

A complaint violates Rule 8 if it is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading.[24]  Notably, Custom seems to suggest dismissal is warranted if a complaint is too vague.  But the proper remedy would be an order for a more definite statement.[25]

Regardless, I find that the operative complaint is not unduly vague.  It provides a coherent account of the facts U.S. Bank alleges form the basis of its contract claims.  The complaint

---

[20] *Id.* at 1949.

[21] *Id.* (internal quotation marks omitted).

[22] *Twombly*, 550 U.S. at 570.

[23] Most of Custom's motion is devoted to summaries of various cases with no indication of how these cases are relevant to Custom's arguments. (Dkt. #24 at 4-13.)

[24] *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996).

[25] A Rule 12(b)(6) dismissal tests the legal sufficiency of the claims—not the vagueness of a complaint's language.  Dismissal is only appropriate where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1988).

explains how the parties entered into the relevant contracts and it explains Custom's alleged breach of those contracts by failing to pay for U.S. Bank's covered losses. Further, U.S. Bank attached the relevant contracts and cited language which gives rise to Custom's alleged breach.[26] For example, the complaint alleges that the June, 2012 contract gave U.S. Bank the right to "require [Custom] to take over and control the settlement of any such suit with counsel that is satisfactory to U.S. Bank and that U.S. Bank, at its option, may itself defend and take control of the settlement and defense of the suit at [Custom's] expense."[27] The complaint then alleges that Custom breached these obligation by failing to provide satisfactory counsel and by "failing . . . to pay for the defense" after U.S. Bank elected to take over its defense.[28]

Custom provides no authority suggesting that U.S. Bank is required to include within its complaint every specific contractual clause that is possibly at issue in the case. Neither does Custom explain how U.S. Bank's complaint is vague or confusing. Custom complains that U.S. Bank has included a large number of facts and arguments, but "verbosity or length is not by itself a basis for dismissing a complaint."[29]

U.S. Bank has provided a logically organized, coherent account of its breach of contract claims. This is more than enough to satisfy Rule 8.

**2. Whether the complaint fails to provide sufficient supporting facts**

Custom argues that U.S. Bank fails to state a contract claim because it has not alleged any harm. Custom points out that U.S. Bank was provided free counsel for several months and that U.S. Bank's voluntary election to hire new counsel has no bearing on the parties' contracts. But U.S. Bank has alleged Custom was obligated to pay for U.S. Bank's counsel for the periods that Custom was not handling the case and that Custom failed to do so.[30] Custom points to no portion

---

[26] U.S. Bank alleges a number of specific facts that constitute breach of the parties' contracts. (*See* Dkt. #21 at 5-10.)

[27] (Dkt. #21 at 5.)

[28] *Id.*

[29] *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008).

[30] (Dkt. #21 at 9.)

5

of the parties' contracts, or any other authority, to suggest that providing a defense in a lawsuit for a period of time automatically satisfies Custom's obligation to fully indemnify U.S. Bank for the entire defense in the underlying litigation. U.S. Bank has thus alleged it was damaged by being deprived of the benefit of its bargain, namely, Custom paying U.S. Bank's entire losses that resulted from the underlying litigation.[31]

Custom also appears to argue that U.S. Bank has failed to state plausible claims because the December, 2011 and June, 2012 contracts—which U.S. Bank relies on for some of its contract claims—were not in effect at the outset of the underlying litigation.[32] But these contracts, attached to plaintiff's complaint, specifically state that they "replace and supersede" the earlier contract. U.S. Bank alleges as much in its complaint.[33] Custom does not address that these later agreements appear to be retroactive. Further, Custom provides no authority or analysis to support its implied argument that U.S. Bank is unable to enforce the December, 2011 and June, 2012. U.S. Bank's election of new counsel, which allegedly gives rise to some of its contract claims for attorney's fees, occurred after these agreements were signed.

Even if these later agreements were somehow not in effect, U.S. Bank has stated a plausible claim that Custom's defense was so deficient that it breached its obligation to adequately defend U.S. Bank under the June, 2008 contract. If Custom breached its obligation to defend, it potentially would be liable for all of U.S. Bank's costs incurred by its replacement counsel.

U.S. Bank has therefore provided sufficient allegations to state its contractual claims.

**ii.  U.S. Bank's fraud claim**

Custom argues that U.S. Bank fails to allege sufficient facts to state its fraud claim. Federal Rule of Civil Procedure 9(b) requires fraud claims to be stated with particularity. The elements of fraud in Nevada include: (1) a false representation, (2) knowledge or belief that the

---

[31] (*Id.*)

[32] For example, Custom states that U.S. Bank "intentionally obscures the legally effective May 1, 2008 Agreement." (Dkt. #26. at 2.)

[33] (Dkt. #21 at 6-9.)

6

representation is false, (3) an intention to induce the plaintiff to act or refrain from acting in reliance on the misrepresentation, (4) justifiable reliance upon the representation, and (5) damage to the plaintiff as a result of the reliance.[34]

U.S. Bank has adequately alleged facts to establish the first element of fraud but not the others. Taking as true U.S. Bank's allegations that Custom "represented to U.S. Bank that it had an obligation to pay for the defense and indemnify U.S. Bank," U.S. Bank has not alleged sufficient facts to support a finding that Custom knew its representation was false, that it intended to induce U.S. Bank to act or refrain from acting, that U.S. Bank justifiably relied on this representation, or that U.S. Bank was damaged by this representation. U.S. Bank states it "justifiably relied" on the misrepresentation. But this is a conclusory statement that must be ignored. U.S. Bank also alleges that Custom knew its representation was false because it later breached. But the mere fact that a party breaches a contract is not enough to establish Custom knew its representations were false or that it intended to induce U.S. Bank to take or forego an action. U.S. Bank does not explain how its "defense costs" can constitute damages flowing from a representation that Custom would indemnify U.S. Bank—an obligation already contained in the parties' contract. I therefore find U.S. Bank has failed to state its fraud claim.

Rule 15 requires me to "freely give leave [to amend] when justice so requires."[35] The Ninth Circuit has long recognized that this policy is "to be applied with extreme liberality."[36] I therefore dismiss U.S. Bank's third claim for relief asserting fraud with leave to amend.

## III.   CONCLUSION

IT IS THEREFORE ORDERED that defendant Recovery Services Northwest, Inc.'s motion to dismiss (Dkt. #24) is GRANTED as to U.S. Bank's third cause of action for fraud but DENIED as to all of U.S. Bank's other claims.

---

[34] *Lubbe v. Barba*, 91 Nev. 596, 599, 540 P.2d 115, 117 (1975).

[35] Fed. R. Civ. Proc. 15(a)(2); *Sonoma County Association of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013).

[36] *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted).

IT IS FURTHER ORDERED U.S. Bank may amend its complaint within 30 days of entry of this Order, if sufficient facts exist to support its proposed fraud claim.

DATED THIS 4th day of March, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE