UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| U.S. BANK, NA,<br><br>          Plaintiff,<br><br>v.<br><br>RECOVERY SERVICES NORTHWEST, INC., d/b/a CUSTOM RECOVERY, et al.,<br><br>          Defendants. | Case No. 2:13-cv-1254-APG-GWF<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>(Dkt. # 30) |

       In July 2008, defendant Custom entered into a contract with U.S. Bank pursuant to which Custom repossessed properties on behalf of the bank. This agreement was superseded by subsequent agreements in December of 2011 and June of 2012. One of the contractual provisions required Custom to indemnify U.S. Bank for any attorneys' fees or losses arising from Custom's (or its subcontractors') repossession efforts.

       On June 27, 2011, U.S. Bank was sued after one of Custom's subcontractors allegedly injured a father and son while repossessing a car. U.S. Bank notified Custom of the lawsuit. Custom allegedly failed to indemnify U.S. Bank as required by their agreement. This breach-of-contract action followed.

       On April 4, 2014, I granted Custom's first motion to dismiss, holding that U.S. Bank "pleaded the wrong contract" because it alleged that the lawsuit stemming from the 2011 repossession breached the terms of the 2012 agreement. (Dkt. #20.) I allowed U.S. Bank to amend its pleading to clear up any potential confusion. After U.S. Bank amended its complaint, I denied Custom's second motion to dismiss with regard to the breach-of-contract claim, holding that U.S. Bank pleaded a plausible claim because it alleged that the parties entered into an agreement in 2008, which was superseded by subsequent agreements and breached by the 2011 repossession. (Dkt. #29.)

Custom now moves for reconsideration, arguing that my second order "is inconsistent with [my] prior factual finding that the June 22, 2012 contract was the wrong contract." (Dkt. #30.) Because I did not make a factual or legal finding as to which contract applied in this case, Custom's motion for reconsideration is denied.

## I. **LEGAL STANDARD**

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient" so long as it has jurisdiction. *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (citing FED. R. CIV. P. 54(b)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A district court may also reconsider its decision if "other, highly unusual, circumstances" warrant it. *Id.*

## II. **DISCUSSION**

Contrary to Custom's assertion, I did not make factual findings when ruling on its motion to dismiss. My role was limited to determining whether U.S. Bank had plausibly shown that it is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *see also* FED. R. CIV. P. 8. On April 4, 2014, I held that U.S. Bank did not plausibly show that it was entitled to relief because it pleaded that a 2011 repossession breached a contract that was executed in 2012. (Dkt. #20.) I did not, as Custom contends, make a factual finding regarding the applicability of the 2012 contract.

Nor am I persuaded that my orders are inconsistent. The April 4, 2014 order addressed U.S. Bank's initial complaint. The March 4, 2015 order addressed U.S. Bank's amended complaint. The orders addressed different pleadings with different factual allegations. They are not inconsistent. I have not made any determination as to which contract applies in this case or whether a superseding contract relates back to an earlier event under Nevada law. To the extent

that any *dicta* in my April 4, 2014 order could be interpreted as such a ruling, I reject that interpretation.

### III. CONCLUSION

IT IS THEREFORE ORDERED that defendant Custom's motion for reconsideration **(Dkt. # 30) is DENIED**.

DATED this 5th day of January, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE