# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

|  |  |
|---|---|
| U.S. BANK, N.A.,<br><br>     Plaintiff,<br><br>vs.<br><br>RECOVERY SERVICES NORTHWEST, INC.,<br>d/b/a CUSTOM RECOVERY, *et al.*,<br><br>     Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.:  2:13-cv-01254-APG-GWF

**ORDER**

This matter is before the Court on Plaintiff US Bank's ("Plaintiff" or "US Bank") Motion for Sanctions (ECF No. 85), filed on July 25, 2016.  Defendant Custom Recovery ("Defendant" or "Custom") filed a Response (ECF No. 91) on August 10, 2016 and Plaintiff filed a Reply (ECF No. 92) on August 22, 2016.  The Court conducted a hearing in this matter on August 29, 2016.

## BACKGROUND

Prior to this lawsuit, US Bank, Custom, Custom's subcontractor Speedy Recovery Services ("Speedy") and its employee Dennis McGee ("McGee") were involved in litigation that resulted from McGee's actions while attempting to repossess a vehicle leased by Sergey Mkhitarayan ("Mkhitarayan").  Pursuant to the contracts entered into between US Bank and Custom, Custom was required to indemnify US Bank against all claims that arose as a result of the services performed by Custom, or its subcontractors, on US Bank's behalf.  Upon notice of the Mkhitarayan lawsuit, US Bank notified Custom of its indemnity obligations and concurrently hired litigation counsel to defend it against Mkhitarayan's federal claim for violation of the Fair Debt Collection Practices Act.  *Amended Complaint* (ECF No. 21), ¶ 29.  Following the successful defense of that claim, Custom agreed to indemnify US Bank for the Mkhitarayan lawsuit.  ¶ 30.  Thereafter, Custom tendered its defense to Speedy's insurer who retained Eugene Wait of the Wait Law Firm as its defense counsel.

¶ 31.  During the course of the litigation, US Bank became increasingly concerned about the adequacy of Mr. Wait's representation and, pursuant to the terms of the contract, opted to retain new counsel to control its defense for the remainder of the litigation at Custom's expense.  ¶ 32–34.  Shortly thereafter, US Bank's new counsel resolved all pending discovery disputes against it and its motion for summary judgment was ultimately granted.  ¶ 35, 37.  US Bank then made a demand against Custom for the fees and costs it incurred in its defense of the Mkhitarayan lawsuit.  ¶ 40.  Custom refused to pay and US Bank brought suit to recover its fees and costs.

US Bank filed its complaint on July 15, 2013 and Custom filed a Motion to Dismiss on August 6, 2013.  (*See* ECF Nos. 1 and 7).  The District Court found that US Bank pleaded the wrong contract in its complaint and granted Custom's motion to dismiss on April 4, 2014 but allowed US Bank leave to amend.  *See Order* (ECF No. 20).  On May 5, 2014, US Bank filed an amended complaint asserting claims of breach of contract, breach of the covenant of good faith and fair dealing, fraud-intentional misrepresentation, and declaratory relief.  *See Amended Complaint* (ECF No. 21).  These claims were based on contracts between the parties wherein Custom would provide services related to vehicle repossessions.  *See id.*  The contracts contained various defense and indemnification provisions to protect US Bank in the event a lawsuit arose in conjunction with Custom's or its subcontractors' services performed on US Bank's behalf.  *Id.*  Custom filed a motion to dismiss on May 16, 2014, which was partially granted with respect to US Bank's claim of fraud-intentional misrepresentation.  *Order* (ECF No. 29).  Custom subsequently answered US Bank's amended complaint on May 21, 2015.  On November 30, 2015, the Court entered a scheduling order that set March 29, 2016 for the close of discovery.  (*See* ECF No. 47).

During discovery, US Bank attempted to take the deposition of Custom's Rule 30(b)(6) witness several times.  It first noticed the deposition on February 28, 2014.  *Motion for Sanctions* (ECF No. 85), pg. 5.  Custom initially designated James Morin, Custom's president and owner, as the corporate representative for purposes of the Rule 30(b)(6) deposition.  *Id.* at pg. 5.  The deposition was continued as a result of the Court's order dismissing US Bank's original complaint.  *Id.* Following the Court's November 30, 2015 Scheduling Order, US Bank re-noticed the deposition of Custom's Rule 30(b)(6) witness.  *Id.* at Exhibit 3.  This time, Custom designated its

1   counsel, Eugene Wait, to serve as its designated witness and requested that the deposition be

2   continued to take place after the March 29, 2016 deadline. *Id.* at pg. 4.  US Bank agreed.

3   Thereafter, Custom re-designated Mr. Morin as its witness and argued that US Bank could no longer

4   depose its counsel because discovery had closed. *Id.*  In addition, Custom took the position that US

5   Bank should not be able to take Mr. Morin's deposition for a full day of seven hours. *Id.* at pg 5.

6        The Court addressed this deposition during the May 11, 2016 hearing on US Bank's motion

7   to compel.  Following the hearing, the Court ordered Custom to produce Mr. Morin in his individual

8   capacity as well as in the capacity of Custom's designated Rule 30(b)(6) deponent. *Order* (ECF No.

9   70).  The Court additionally ordered that the deposition take place in Las Vegas, Nevada on either

10  May 25 or 26, 2016 and was to be a one (1) day combined deposition of up to seven (7) hours. *Id.*

11  However, Custom's counsel failed to advise US Bank's counsel of Mr. Morin's availability on one

12  of those two dates and instead sought an additional continuance. *Motion for Sanctions* (ECF No.

13  85), pg. 5.  US Bank again accommodated Custom's request and Mr. Morin's deposition was

14  scheduled for June 8, 2016. *Id.* at pg. 5, Exhibit 8.  US Bank now asserts that although Mr. Morin

15  was physically present at the deposition, he was entirely unprepared and uneducated.  US Bank

16  represents that Mr. Morin never reviewed the topics set forth in the notice of deposition,  that he

17  admitted to doing "nothing" to prepare for the deposition, that he had never reviewed the amended

18  complaint or the answer filed in this case, and that he was unprepared to testify regarding Custom's

19  responses to US Bank's discovery requests. *Id.* at 6–13.  US Bank argues that Custom's failure to

20  educate and prepare Mr. Morin as its designated deponent was willful and done in bad faith.  US

21  Bank requests that sanctions be imposed in the form of monetary sanctions and an order striking

22  Custom's answer.  In the alternative, US Bank requests that Custom be precluded from offering

23  evidence on the topics listed in Notice of Deposition which its deponent was unprepared and unable

24  to testify about, and that Custom also be precluded from contradicting its Rule 30(b)(6) testimony at

25  trial or on summary judgment. *Id.* at 15–17.

26       Custom argues against the imposition of sanctions on several grounds.  First, Custom asserts

27  that US Bank's counsel did not object to Mr. Morin's testimony during the deposition and that he

28  had an affirmative duty to do so. *Opposition* (ECF No. 91), pg. 8.  If properly objected to, Custom's

1  counsel represents that the parties could have reached an alternative solution to obtain Custom's

2  corporate knowledge that would have been responsive to US Bank's Rule 30(b)(6) notice.  One such

3  alternative would have been deposing Custom's counsel, Mr. Wait.  *Id.*  In addition, Custom asserts

4  that sanctions are not warranted because US Bank failed to comply with Federal Rule of Civil

5  Procedure 37's requirement that the parties meet and confer prior to requesting Court action.  *See*

6  *generally, id.*

7                                          **DISCUSSION**

8          Rule 37(b) of the Federal Rules of Civil Procedure provides the court with a wide range of

9  sanctions for a party's failure to adequately engage in discovery or comply with discovery orders.

10  "The Rule provides a panoply of sanctions, from the imposition of costs to entry of default."  *United*

11  *States v. Taylor*, 166 F.R.D. 356, 363 (M.D.N.C.), aff'd, 166 F.R.D. 367 (M.D.N.C. 1996).

12  "Discovery sanctions serve the objectives of discovery by correcting for the adverse effects of

13  discovery violations and deterring future discovery violations from occurring."  *Taylor v. Illinois*,

14  484 U.S. 400, 425 (1988).  Rule 37(d)(1) specifically authorizes a court to issue sanctions when a

15  party or its representative, or a person designated under Rule 30(b)(6) or 31(a)(4), fails to appear for

16  that person's deposition. Fed. R. Civ. P. 37(d)(1)(A)(i).  The Ninth Circuit reviews a district court's

17  sanction order under an abuse of discretion standard.  *Sigliano v. Mendoza*, 642 F.2d 309 (9th Cir.

18  1981);  *See also United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir.

19  1980);  *David v. Hooker, Ltd.*, 560 F.2d 412, 418-19 (9th Cir. 1977); 6 J. Moore, Federal Practice s

20  37.08 (2d ed. 1976).  Thus, the district court has great latitude in imposing sanctions under Rule 37.

21  *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425–26 (9th Cir. 1985).

22          Several courts, including this district, have held that a party's failure to produce a Rule

23  30(b)(6) designee who is adequately educated and prepared to testify regarding the enumerated

24  topics amounts to a nonappearance sufficient to warrant the imposition of sanctions.  *Great Am. Ins.*

25  *Co. of New York v. Vegas Const. Co.*, 251 F.R.D. 534, 542 (D. Nev. 2008);  *Resolution Trust Corp.*

26  *v. Southern Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir. 1993); *United States v. Taylor*, 166 F.R.D.

27  356, 363 (M.D.N.C.), aff'd, 166 F.R.D. 367 (M.D.N.C. 1996); *Black Horse Lane Assoc. v. Dow*

28  *Chemical Corp.*, 228 F.3d 275, 303 (3d Cir.2000).  In *Great American*, the court held that the

4

defendant failed to produce a witness who was educated and prepared for its Rule 30(b)(6)

deposition.  In reaching that conclusion, the court stated that:

> Distinctive Homes had a duty to educate a witness to provide complete, knowledgeable and unevasive answers to questions on the noticed topics, to state the corporation's position, and to provide binding answers on behalf of the corporation. The fact that Distinctive Homes may no longer employ individuals who worked on the Villa Pacifica project, or who have memory of it does not relieve the corporation of its obligation to prepare its Rule 30(b)(6) designee to the extent matters are reasonably available to it. The court finds Mr. Musso's inability to provide knowledgeable answers about the majority of the noticed deposition topics was tantamount to a nonappearance, and warrants sanctions.

*Great Am. Ins. Co.*, 251 F.R.D. at 543.

In *Black Horse*, the Third Circuit found that "[i]n reality if a Rule 30(b)(6) witness is unable

to give useful information he is no more present for the deposition than would be a deponent who

physically appears for the deposition but sleeps through it."  228 F.3d at 304.

Here, US Bank argues that Custom's designee, Mr. Morin, was wholly unprepared and

uneducated as Custom's Rule 30(b)(6) corporate designee, and as a result his testimony amounted to

no appearance at all.  The Court agrees.  US Bank was entitled to the knowledge of Custom, a

corporation, and Custom's position on matters clearly relevant and discoverable in this case.

However, upon review of the transcript, it is clear that Mr. Morin was unprepared and uneducated to

provide meaningful answers.  Mr. Morin admitted throughout his testimony that he did not review

any documents; nor did he consult with defense counsel in preparation for the deposition.  Thus, it is

clear that Custom failed to meet its obligations under Rule 30(b)(6) to make a conscientious, good

faith effort to produce a knowledgeable and responsive witness to testify about the noticed

deposition topics and facts known to the corporation or its counsel.

Custom argues that it should have been afforded the opportunity to designate an additional

witness, who could have provided sufficient testimony about the deposition topics.  Custom further

asserts that US Bank had a duty to object to Mr. Morin's testimony during the deposition and to

meet and confer with Custom prior to filing a motion for sanctions pursuant to Rule 37(d)(1)(B).

Custom relies on the decision in *Great American* in support of these assertions.  *See Opposition*

(ECF No. 91).  *Great American*, however, does not stand for these propositions.  Rather, *Great*

1    *American* affirmatively states:

2        [I]f an organization designates a witness it believes in good faith
3        would be able to provide knowledgeable responsive testimony and it
         becomes apparent during the deposition that the designee produced is
         unable to respond to relevant areas of inquiry, the responding party
4        has a duty to designate an additional knowledgeable deponent.

5        251 F.R.D. at 540.

6        The deposition transcript in this case shows that Mr. Morin and Custom's counsel did

7    nothing to prepare for the Rule 30(b)(6) deposition so that he would be able to answer questions on

8    the listed topics in a knowledgeable and educated manner.  Custom knew or should have known

9    before the deposition began that Mr. Morin was not adequately prepared.  This is not a case in which

10   the party has made a reasonable, good faith effort to adequately prepare for deposition, only to

11   discover during the deposition that its designee is unable to answer relevant questions on certain

12   listed topics.  US Bank was not required to request Custom to produce an adequately prepared

13   deponent before moving for sanctions.

14       US Bank was also not required to meet and confer with Custom prior to filing its motion for

15   sanctions.  Federal Rule of Civil Procedure 37(d) comes into play when a party fails to attend its

16   own deposition, serve answers to interrogatories, or respond to requests for inspection.  If one of

17   these events occurs, a party may bring a motion for sanctions without any requirement that it first

18   meet and confer with the party who failed to appear.  Fed. R. Civ. Pro. 37(d)(1)(A)(i-ii).[1]  Here, US

19   Bank is seeking sanctions for Custom's failure to "appear" based on its failure to produce a prepared

20   and educated 30(b)(6) witness.  The Court also finds that further attempts to meet and confer would

21   likely have been pointless.  Prior to the deposition, Custom went back and forth as to whether Mr.

22   Morin or Custom's counsel would testify at the deposition.  First, Custom represented that Mr.

23   Morin would be the deponent.  Then it represented that Custom's counsel, Mr. Wait, would testify.

24   Finally, Custom decided that Mr. Morin would testify, but, as stated, no effort was made to

25

26       ───────────────
         [1] The Advisory Committee Notes from the 1993 Amendment make it clear that Rule 37(d)'s certification
     requirement should be applied where a party is trying to obtain answers to interrogatories or responses to requests for
27   inspection.  *See* 1993 Adv. Comm. Noted to FRCP 37 ("**Subdivision (d).** This subdivision is revised to require that, where a
     party fails to file any response to interrogatories or a Rule 34 request, the discovering party should informally seek to obtain
28   such responses before filing a motion for sanctions.") (Emphasis in original).

1    adequately prepare Mr. Morin to do so.  Custom's argument that US Bank's motion should be

2    denied on this ground is therefore without merit.

3          The next issue is what sanctions should be imposed on Custom for its failure to produce an

4    adequately prepared designee.  Sanctions imposed under Rule 37(d)(1)(A) may include any of the

5    orders listed in Rule 37(b)(2)(A)(i)-(vi).  Instead of or in addition to these sanctions, the court must

6    require the party failing to act to pay the deposing party's reasonable expenses, including attorney's

7    fees.  One of the listed sanctions is to "prohibit[] the disobedient party from supporting or opposing

8    designated claims or defenses or from introducing designated matters in evidence."  Fed. R. Civ. P.

9    37(b)(2)(A)(ii).

10          "In order for the Court to impose sanctions, the inadequacies in a deponent's testimony must

11   be egregious and not merely lacking in desired specificity in discrete areas."  *Zappia Middle East*

12   *Construction Co. v. Abu Dhabi*, No. 94 Civ.1942, 1995 WL 686715, at *8 (S.D.N.Y. Nov. 17, 1995).

13   Evidence preclusion is a harsh sanction when it is tantamount to dismissal of plaintiff's suit or to a

14   default judgment against the defendant.  Such a severe sanction may only be imposed where the

15   disobedient party's failure to provide discovery has been willful, in bad faith or due to the party's

16   fault.  *United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir.1980);

17   *Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc.*, 67 F.3d 766, 771 (9th Cir.1995).  In

18   other words, "sanctions that preclude a party from introducing evidence are typically reserved only

19   for flagrant discovery abuses."  *Great Am. Ins. Co.*, 251 F.R.D. at 543, citing *Bank of New York v.*

20   *Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 151–52 (S.D.N.Y. 1997)*.*  Moreover,

21   "[e]xclusion sanctions based on alleged discovery violations are generally improper absent undue

22   prejudice to the opposing side."  *Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.*, 190

23   F.R.D. 644, 648 (N.D.Cal.2000) (citing *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir.1997)).

24   "The movant bears the burden of presenting evidence that it suffered "undue prejudice" as a result of

25   its opponent's alleged misconduct."  *Qualcomm Inc. v. Broadcom Corp.*, 2007 WL 935617,at *2

26   (S.D. Cal. 2007) (citing *Amersham*, 190 F.R.D. at 648.).

27          The Court finds that the evidence preclusion sanction, along with monetary sanctions, is

28   appropriate here.  Custom was expressly put on notice of its duty to provide a prepared and educated

7

30(b)(6) witness during the hearing conducted on May 11, 2016.  *See Order* (ECF No. 70).
Custom's failure to comply with the requirements of Rule 30(b)(6) and the Court's order by
producing Mr. Morin, who repeatedly admitted to not being prepared and not having discussed the
deposition topics with defense counsel, can only be described as willful and in bad faith.  US Bank
was entitled to obtain Custom's knowledge relating to the factual issues listed in the noticed
deposition topics, as well as the factual and legal basis for its affirmative defenses, in order to
prepare its motion for summary judgment and its case for trial.  US Bank will be unduly prejudiced if
Custom is permitted to introduce evidence in support of its defenses that it evaded disclosing at the
deposition.

The Court will not go so far, however, as to recommend that Custom's answer be stricken
and that its liability be established as a matter of law.  US Bank has the apparent ability and should
be required to establish the merits of its claims as to both liability and damages.  Custom, however,
should be precluded from introducing evidence in support of its opposition to US Bank's motion for
summary judgment or in its defense at trial which it failed to disclose in response to questions at the
Rule 30(b)(6) deposition.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Sanctions (ECF No. 85) is **granted**
as follows:

1.  Defendant is precluded from introducing evidence in support of or opposition to a motion
for summary judgment or at trial which it failed to disclose in response to relevant questions on
topics listed in the Rule 30(b)(6) Notice of Deposition.

2.  Defendant is also ordered to pay Plaintiff's reasonable expenses, including attorney's fees
incurred in connection with the taking of the Rule 30(b)(6) deposition and its motion for sanctions.

**IT IS FURTHER ORDERED** that  Counsel for Plaintiff shall, no later than 15 days from
entry of this order, serve and file a memorandum, supported by the affidavit of counsel, establishing
the amount of attorney's fees and costs incurred in the motions addressed in this order.  The
memorandum shall provide a reasonable itemization and description of the work performed, identify
the attorney(s) or other staff member(s) performing the work, the customary fee of the attorney(s) or

staff member(s) for such work, and the experience, reputation and ability of the attorney performing the work.  The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

**IT IS FURTHER ORDERED** that Counsel for Defendant shall have 14 days from service of the memorandum of costs and attorney's fees in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

**IT IS FURTHER ORDERED** that Counsel for Plaintiff shall have 7 days from service of the responsive memorandum in which to file a reply.

## ALTERNATIVE RECOMMENDATION

In the event the District Court views the imposition of the evidence preclusion sanction as tantamount to a dispositive determination in this case, then the undersigned requests that it be treated as a finding and recommendation made pursuant to 28 U.S.C. § 636(b)(1)(B).

DATED this 13th day of October, 2016.

GEORGE FOLEY, JR.
United States Magistrate Judge

9