UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

U.S. BANK, N.A., )
         Plaintiff, ) Case No.: 2:13-cv-01254-APG-GWF
)
vs. ) **ORDER**
)
RECOVERY SERVICES NORTHWEST, INC., )
d/b/a CUSTOM RECOVERY, *et al.*, )
)
         Defendants. )

This matter is before the Court on Plaintiff's Memorandum of Attorneys' Fees and Costs (ECF No. 107), filed on October 28, 2016. Defendant filed an Opposition (ECF No. 110) on November 9, 2016 and Plaintiff filed a Reply (ECF No. 117) on November 16, 2016.

**BACKGROUND**

On July 25, 2016, Plaintiff U.S. Bank filed a motion for sanctions against Defendant Custom Recovery arguing that Defendant failed to provide an adequately prepared Rule 30(b)(6) witness.[1] *Motion for Sanctions* (ECF No. 85). Defendant responded on August 10, 2016 and asserted that sanctions were not appropriate because Plaintiff's counsel did not object to the testimony of Defendant's Rule 30(b)(6) witness during the deposition and because Plaintiff's counsel did not attempt to meet and confer prior to requesting sanctions. *Opposition* (ECF No. 91) The Court held a hearing in this matter on August 29, 2016 and issued a written decision on October 13, 2016, wherein the Court granted Plaintiff's motion and found that an evidence preclusion sanction as well as monetary sanctions were appropriate. *See Order* (ECF No. 103). As ordered, Plaintiff filed this Memorandum of Attorneys' Fees and Costs requesting reimbursement of fees and costs in the amount of $29,228.17.

---

[1] The facts and circumstances surrounding Plaintiff's motion for sanctions are thoroughly discussed in the Court's October 13, 2016 Order and are incorporated by reference herein. *See Order* (ECF No. 103).

## DISCUSSION

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541 (1984). Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.* Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

Plaintiff requests a total of $27,188.57 in attorneys' fees and $665.00 in paralegal fees "associated with scheduling and conferring, preparing for and conducting the deposition (of Defendant's Rule 30(b)(6) witness), preparing, researching and drafting the Motion for Sanctions, Reply, and Motion to Strike Custom's Memo is Issue for Hearing, attending the hearing, and similar services..." *Memorandum* (ECF No. 107), 5:15-18. Plaintiff requests reimbursement of attorneys' fees at an hourly rate of $354.38 for attorney Ryan Looksevelt, Esq.[2] It also requests reimbursement of paralegal fees at an hourly rate of $166.25 for Michelle Wood.[3] After reviewing Plaintiff's Memorandum of Attorneys' Fees and Costs and the declaration of Ryan Loosevelt, Esq., the Court

---

[2] Plaintiff's counsel's usual rate is $405 per hour. However, Holland & Hart LLP provides U.S. Bank with a 12.5% discount on fees.

[3] Michelle Woods' usual rate is $190 per hour but the 12.5% discount afforded to U.S. Bank is also applied to her hourly rate.

finds that Plaintiff has offered sufficient evidence that the hourly rate of $354.38 is reasonable. This conclusion is also in line with the prevailing rates in the relevant community. *See Marrocco v. Hill*, 291 F.R.D 586, 589 (D. Nev. 2013) (finding the reasonable hourly rate in the Nevada community to be $375-$400 for partner with over thirty-five years of experience); *Perrigo v. Premium Asset Servs., LLC*, 2015 WL 4597569, *10 (D. Nev. July 28, 2015) ("Rate determinations in other cases in the District of Nevada have found hourly rates as much as $450 for partners and $250 for an experienced associate to be the prevailing market rate in this forum." ). However, Plaintiff's counsel's requested rate for his paralegal exceeds the reasonable rates in this forum. Generally, paralegals command rates between $75 and $125. *Watson v. NCO Fin. Sys., Inc.*, 2015 WL 1959163, at *2 (D. Nev. Apr. 29, 2015) (finding $125 to be reasonable); *Plaza Bank v. Alan Green Family Trust*, 2013 WL 1759580, *2 (D. Nev. Apr. 24, 2013) (finding $100 to be reasonable); *Agarwal v. Oregon Mut. Ins. Co.*, 2013 WL 5882710, at *2 (D. Nev. Oct. 30, 2013) (finding $75 to be reasonable). Therefore, the Court will reduce Plaintiff's requested paralegal rate to $125 based on the fact that Ms. Woods has 17 years of experience as a paralegal.

   Plaintiff's counsel represents that he expended a total of 68.7 hours for the various activities associated with the deposition of Defendant's 30(b)(6) witness as well as 9 hours of work spent in connection with opposing Defendant's objection to this Court's Order. *Memorandum* (ECF No. 107), pgs. 5-6; *Reply* (ECF No. 117), pg. 2. In addition, Plaintiff's counsel represents that his paralegal, Michelle Wood, expended 4 hours of time. Counsel believes that these hours are reasonable because the work performed "resulted in successfully precluding Custom from offering evidence it failed to offer at the deposition which directly impacts summary judgment and trial." *Memorandum* (ECF No. 107), 4:8-9. Defendant's counsel does not object to Plaintiff's counsel's hourly rates, the amount of time expended, or the overall fee request. Rather, Defendant argues that Plaintiff's counsel's "legal services preparing U.S. Bank's Motion for Sanctions had no value, because the motion requested relief based on a known false representation that U.S. Bank's motion complied with FRCP 37(d)." *Opposition* (ECF No. 110), 6:22-25 (emphasis in original). The Court previously disposed of Defendant's argument. *See Order* (ECF No. 103), pg. 6-7. There, the Court found that the meet and confer requirement found in Rule 37(d) did not apply to the circumstances

of this case and Defendant's argument was therefore without merit. *Id.* This ruling has also been upheld by the District Judge following Defendant's objection. *See Order* (ECF No. 147). Therefore, based on a review of the itemization of attorneys' fees and the declarations of Ryan Loosevelt, Esq., the Court finds that the amount of time expended was reasonable and will award Plaintiff the following: $27,188.57 in attorney's fees and $500 in paralegal fees for a total of $27,688.57.

Plaintiff also requests reimbursement in the amount of $1,374.60 in costs incurred from obtaining the deposition transcript of Defendant's Rule 30(b)(6) witness, James Morin. It asserts that these costs should be reimbursed because Defendant's discovery misconduct rendered Mr. Morin's testimony useless and a waste of time. The Court agrees. The Court will therefore award Plaintiff costs in the amount of $1,374.60.

Thus, based on the reasonable hourly rates discussed above, the Court will award attorneys' fees (including paralegal fees) in the amount of $27,688.57 and costs in the amount of $1,374.60 for a total of $29,063.17. The relevant factors are subsumed in this calculation of the reasonable attorneys' fees and costs, and there are no other exceptional circumstances which warrant enhancement or reduction of the fees. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Custom Recovery is ordered to pay Plaintiff U.S. Bank the sum total of $29,063.17. Defendant is further ordered to make the payment to Plaintiff by **April 6, 2017**.

DATED this 7th day of March, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge